NUMBER 13-10-00139-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI
- EDINBURG

                                                        
             

 

J.E. SAENZ &
ASSOCIATES, INC.,                                            Appellant,

 

v.

 

RICARDO MUNOZ AND ARMANDO HERRERA,                     Appellees.

                                                                      

 

On appeal from the County Court at Law No. 1

of Hidalgo County, Texas.

                            
                                         

 

MEMORANDUM OPINION

 

Before Justices Garza, Benavides, and Vela

Memorandum Opinion by Justice Garza

 

            In this interlocutory appeal, appellant J.E.
Saenz and Associates, Inc. (“Saenz”) challenges the trial court’s granting of a
motion for new trial filed by appellees, Ricardo Munoz and Armando Herrera. 
According to Saenz, the order granting appellees’ motion for new trial
effectively overturned the trial court’s previous order dismissing appellees’
lawsuit against Saenz for their failure to file a certificate of merit pursuant
to the civil practice and remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (Vernon
Supp. 2010).  By a single issue, Saenz contends that the trial court abused its
discretion by failing to dismiss appellees’ claims.  We affirm.

I.  Background

            In 2005, appellees, who were business partners at
the time, hired Saenz to perform a land survey of certain real property located
in Hidalgo County, Texas.  Saenz performed the survey on April 20, 2005.  On
April 13, 2006, appellees sued Saenz, contending that the survey erroneously
showed that a building encroached upon appellees’ real property.  In their
petition, appellees alleged in part that Saenz had committed professional
negligence.[1] 
On June 18, 2009, Saenz moved to dismiss the suit, alleging that appellees had
failed to file a certificate of merit with their petition as allegedly required
by section 150.002 of the Texas Civil Practice and Remedies Code.  See id. 
The trial court granted Saenz’s motion on January 15, 2010.

            Subsequently, appellees filed a motion for new
trial asking the trial court to vacate its January 15, 2010 order granting
Saenz’s motion to dismiss.  In their motion for new trial, appellees argued
that the statute requiring the filing of a certificate of merit did not apply
to their claims because “Sections 150.001 and 150.002 of the Texas Civil
Practice and Remedies Code only apply to causes of action that accrued on or
after May 27, 2005 and September 01, 2005.”  (Emphasis in original.) 
According to appellees, because their causes of action accrued on April 20,
2005, the date Saenz performed the survey at issue, the statute requiring a
certificate of merit did not apply.  The trial court granted the motion for new
trial on February 27, 2010.

The trial court’s order granting the motion
for new trial also set a trial date and stated that “Plaintiffs’ suit shall be
retained on the Court’s docket for further prosecution.”  This interlocutory
appeal followed.  See id. § 150.002(f) (“An order granting or denying a
motion for dismissal [for failure to file a certificate of merit] is
immediately appealable as an interlocutory order.”).[2]

II.  Discussion

            We generally review a trial court’s granting of a
motion for new trial under an abuse of discretion standard.  In re R.R.,
209 S.W.3d 112, 114 (Tex. 2006).  Here, the sole issue before us is whether the
statute requiring the filing of a certificate of merit applies to the claims
asserted by appellees.  This issue exclusively involves statutory construction
and is a pure question of law.  See Galbraith Eng’g Consultants, Inc. v.
Pochucha, 290 S.W.3d 863, 867 (Tex. 2009).  Accordingly, we effectively
conduct a de novo review.  See Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992) (“A trial court has no ‘discretion’ in determining what the law is
or in applying the law to the facts.”); Pallares v. Magic Valley Elec. Coop.,
Inc., 267 S.W.3d 67, 69-70 (Tex. App.–Corpus Christi 2008, pet. ref’d).

In construing statutes, our primary
objective is to give effect to the Legislature’s intent as expressed in the
statute’s language.  Tex. Gov’t Code
Ann. § 312.005 (Vernon 2005); First Am. Title Ins. Co. v. Combs,
258 S.W.3d 627, 631-32 (Tex. 2008).  We read every word, phrase, and expression
as if it were deliberately chosen, and we presume the words excluded from the
statute are done so purposefully.  JNY, L.P. v. Raba-Kistner Consultants,
Inc., 311 S.W.3d 584, 585-86 (Tex. App.–El Paso 2010, no pet.) (citing Gables
Realty Ltd. P’ship v. Travis Cent. Appraisal Dist., 81 S.W.3d 869, 873
(Tex. App.–Austin 2002, pet. denied)).

Chapter 150 of the civil practice and
remedies code was originally enacted in 2003.  See Act of June 11, 2003,
78th Leg., R.S., ch. 204, § 20.01, 2003 Tex.
Sess. Law Serv. 896, 896-97 (amended 2005 and 2009) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§
150.001-.002).  As originally enacted, the statute provided that:

In
any action for damages alleging professional negligence by a design
professional, the plaintiff shall be required to file with the complaint an
affidavit of a third-party registered architect or licensed professional
engineer competent to testify and practicing in the same area of practice as
the defendant, which affidavit shall set forth specifically at least one
negligent act, error, or omission claimed to exist and the factual basis for
each such claim.  The third-party professional engineer or registered architect
shall be licensed in this state and actively engaged in the practice of
architecture or engineering. . . .

 

Id.  “Design professional” was defined as “a
registered architect or licensed professional engineer.”  Id.

            The Legislature amended the statute twice in
2005.  See Act of May 27, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Sess. Law Serv. 369, 370 (amended
2009) (current version at Tex. Civ.
Prac. & Rem. Code Ann. §§ 150.001-.002); Act of May 27, 2005, 79th Leg.,
R.S., ch. 189, 2005 Tex. Sess. Law Serv.
348, 348 (amended 2009) (current version at Tex.
Civ. Prac. & Rem. Code Ann. §§ 150.001-.002).  The first 2005
amendment originated in the Civil Practices Committee of the Texas House of
Representatives.  JNY, L.P., 311 S.W.3d at 587.  This amendment expanded
the applicability of the certificate of merit requirement to cover any action
for damages alleging professional negligence by “a registered architect,
registered professional land surveyor, or licensed professional engineer.”  Act
of May 27, 2005, 79th Leg., R.S., ch. 189, §§ 2, 4, 2005 Tex. Sess. Law Serv. 348, 348.  This
amendment was applicable to any action filed on or after May 27, 2005, which is
the date the amending law was signed by the governor.  Id. at § 4.

The second 2005 amendment, which originated
in the House Licensing and Administrative Procedures Committee, JNY, L.P.,
311 S.W.3d at 587, redefined the applicability of the certificate of merit
statute to encompass “any action or arbitration proceeding for damages arising
out of the provision of professional services by a design professional.”  Act
of May 27, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Sess. Law Serv. 369, 370.  “Design professional” was
redefined as:

a
licensed architect, licensed professional engineer, or any firm in which such
licensed professional practices, including but not limited to a corporation,
professional corporation, limited liability corporation, partnership, sole
proprietorship, joint venture, or any other business entity.

 

Id.  Crucially, this second amendment applied 

only
to a cause of action that accrues on or after [September 1, 2005].  An action
that accrued before [September 1, 2005] is governed by the law applicable to
the action immediately before [September 1, 2005], and that law is continued in
effect for that purpose.

 

Id. at §§ 4-5.[3]

            Appellees contended in their motion for new trial
that the statute applicable to their claims does not require a certificate of
merit to be filed in a suit against a corporate entity such as Saenz. 
Appellees note that this issue was recently addressed by the El Paso Court of
Appeals in JNY, 311 S.W.3d at 585-88.  In that case, appellant JNY, L.P.
(“JNY”) argued, as appellees do here, that the certificate of merit requirement
is inapplicable to its suit because:  (1) appellee Raba-Kistner Consultants,
Inc. (“Raba-Kistner”) is a corporate entity; and (2) its claims against
Raba-Kistner arose prior to the effective date of the 2005 amendments which
expanded the definition of “design professional” to explicitly include such
entities.  Id. at 585.  Raba-Kistner did not dispute that the 2003
statute was applicable to the dispute, nor did it argue that the 2005
amendments applied retroactively.  Instead, Raba-Kistner contended that the
2005 amendments revealed “the original intent of the authors that the
certificate of merit requirement apply to persons and entities alike.”  Id.
at 588.  The El Paso Court rejected that argument, noting that:

The
bill which emerged from the Civil Practices Committee did not add references to
corporate entities.  The bill which emerged from the Licensing and
Administrative Procedures Committee did. . . .  We interpret the amendments to
mean that the Legislature did not originally intend to include corporate
entities within the definition of design professionals.

 

Id.  The court concluded, therefore, that under the
original 2003 statute, the certificate of merit requirement did not apply to
suits against corporate defendants.  Id.

            We agree with our El Paso colleagues as to the
effect of the original 2003 statute.  However, the issue before us now is not
precisely the same as that faced by the JNY court.  Here, appellees
filed their suit against Saenz on April 13, 2006; therefore, the first 2005
amendment to the certificate of merit statute is indeed applicable to appellees’
suit.  See Act of May 27, 2005, 79th Leg., R.S., ch. 189, § 4, 2005 Tex. Sess. Law Serv. 348, 348
(providing that the amendment is applicable to any action filed on or after May
27, 2005).  On the other hand, the second 2005 amendment is not applicable to
appellees’ suit, because appellees’ cause of action indisputably accrued before
September 1, 2005.  See Act of May 27, 2005, 79th Leg., R.S., ch. 208,
§§ 4-5, 2005 Tex. Sess. Law Serv.
369, 370.  As the JNY court noted, the first 2005 amendment did not
explicitly extend the certificate of merit requirement to corporate entities,
whereas the second 2005 amendment did.  See JNY, 311 S.W.3d at 588. 
Accordingly, under the first 2005 amendment—the only one applicable here—a
certificate of merit is not required to be filed in suits against a corporate
defendant such as Saenz.

We therefore conclude that the trial court
did not err in granting appellees’ motion for new trial.  Saenz’s sole issue is
overruled.

III.  Conclusion

            We affirm the judgment of the trial court.

 

                                                                                                ________________________

                                                                                                DORI
CONTRERAS GARZA

                                                                                                Justice

 

Delivered and filed the

13th day of January, 2011.









[1] Saenz includes a copy of appellees’ original petition
as an appendix to its appellate brief, but the petition does not appear in the
appellate record before this Court.  We may not consider a document cited in a
brief and attached as an appendix if it is not formally included in the
appellate record.  See, e.g., Gonzalez v. Villarreal, 251 S.W.3d 763,
777 n.17 (Tex. App.–Corpus Christi 2008, pet. dism’d w.o.j.).  Nevertheless,
the facts as recited herein are undisputed by the parties.





[2] We note that the order on appeal did not, strictly
speaking, “grant or deny” a motion to dismiss for failure to file a certificate
of merit.  See Tex. Civ. Prac.
& Rem. Code Ann. § 150.002(f) (Vernon Supp. 2010).  Rather,
according to its terms, the order merely vacated the trial court’s previous
order which granted Saenz’s motion to dismiss.  Still, because the order on
appeal set the matter for trial, we construe the order as having effectively
denied Saenz’s motion to dismiss.  Accordingly, it is subject to immediate appeal. 
See id.





[3] The second 2005 amendment also provided that the
certificate of merit must be authored by “a third-party licensed architect or
licensed professional engineer competent to testify, holding the same
professional license as, and practicing in the same area of practice as
defendant . . . .”  Act of May 27, 2005,
79th Leg., R.S., ch. 208, § 2, 2005 Tex.
Sess. Law Serv. 369, 370 (amended 2009) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§
150.001-.002).

 

The statute was again amended
in 2009.  See Act of June 19, 2009, 81st Leg., R.S., ch. 789, § 2, 2009 Tex. Sess. Law Serv. 1989, 1989-90
(current version at Tex. Civ. Prac.
& Rem. Code Ann. §§ 150.001-.002).  The 2009 amendment, inter
alia, expanded the applicability of the certificate of merit requirement to
cover suits against “registered landscape architect[s]” and clarified the
qualifications required of the certificate’s author.  Id.  It is
undisputed that the 2009 amendment does not apply to appellees’ suit.