

**NUMBER 13-10-00139-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**J.E. SAENZ & ASSOCIATES, INC.,**             **Appellant,**

**v.**

**RICARDO MUNOZ AND ARMANDO HERRERA,**        **Appellees.**

---

**On appeal from the County Court at Law No. 1
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Vela
Memorandum Opinion by Justice Garza**

In this interlocutory appeal, appellant J.E. Saenz and Associates, Inc. ("Saenz") challenges the trial court's granting of a motion for new trial filed by appellees, Ricardo Munoz and Armando Herrera. According to Saenz, the order granting appellees' motion for new trial effectively overturned the trial court's previous order dismissing appellees' lawsuit against Saenz for their failure to file a certificate of merit pursuant to the civil

practice and remedies code.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(a) (Vernon Supp. 2010).   By a single issue, Saenz contends that the trial court abused its discretion by failing to dismiss appellees' claims.   We affirm.

## I. BACKGROUND

In 2005, appellees, who were business partners at the time, hired Saenz to perform a land survey of certain real property located in Hidalgo County, Texas.   Saenz performed the survey on April 20, 2005.   On April 13, 2006, appellees sued Saenz, contending that the survey erroneously showed that a building encroached upon appellees' real property.   In their petition, appellees alleged in part that Saenz had committed professional negligence.[1]   On June 18, 2009, Saenz moved to dismiss the suit, alleging that appellees had failed to file a certificate of merit with their petition as allegedly required by section 150.002 of the Texas Civil Practice and Remedies Code. *See id.*   The trial court granted Saenz's motion on January 15, 2010.

Subsequently, appellees filed a motion for new trial asking the trial court to vacate its January 15, 2010 order granting Saenz's motion to dismiss.   In their motion for new trial, appellees argued that the statute requiring the filing of a certificate of merit did not apply to their claims because "Sections 150.001 and 150.002 of the Texas Civil Practice and Remedies Code only apply to causes of action that *accrued on or after May 27, 2005 and September 01, 2005.*"   (Emphasis in original.)   According to appellees, because their causes of action accrued on April 20, 2005, the date Saenz performed the survey at

---

[1] Saenz includes a copy of appellees' original petition as an appendix to its appellate brief, but the petition does not appear in the appellate record before this Court.   We may not consider a document cited in a brief and attached as an appendix if it is not formally included in the appellate record. *See, e.g., Gonzalez v. Villarreal*, 251 S.W.3d 763, 777 n.17 (Tex. App.–Corpus Christi 2008, pet. dism'd w.o.j.).   Nevertheless, the facts as recited herein are undisputed by the parties.

issue, the statute requiring a certificate of merit did not apply. The trial court granted the motion for new trial on February 27, 2010.

The trial court's order granting the motion for new trial also set a trial date and stated that "Plaintiffs' suit shall be retained on the Court's docket for further prosecution." This interlocutory appeal followed. *See id.* § 150.002(f) ("An order granting or denying a motion for dismissal [for failure to file a certificate of merit] is immediately appealable as an interlocutory order.").[2]

## II. DISCUSSION

We generally review a trial court's granting of a motion for new trial under an abuse of discretion standard. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). Here, the sole issue before us is whether the statute requiring the filing of a certificate of merit applies to the claims asserted by appellees. This issue exclusively involves statutory construction and is a pure question of law. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009). Accordingly, we effectively conduct a de novo review. *See Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) ("A trial court has no 'discretion' in determining what the law is or in applying the law to the facts."); *Pallares v. Magic Valley Elec. Coop., Inc.,* 267 S.W.3d 67, 69-70 (Tex. App.–Corpus Christi 2008, pet. ref'd).

In construing statutes, our primary objective is to give effect to the Legislature's intent as expressed in the statute's language. TEX. GOV'T CODE ANN. § 312.005 (Vernon

---

[2] We note that the order on appeal did not, strictly speaking, "grant or deny" a motion to dismiss for failure to file a certificate of merit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f) (Vernon Supp. 2010). Rather, according to its terms, the order merely vacated the trial court's previous order which granted Saenz's motion to dismiss. Still, because the order on appeal set the matter for trial, we construe the order as having effectively denied Saenz's motion to dismiss. Accordingly, it is subject to immediate appeal. *See id.*

3

2005); *First Am. Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631-32 (Tex. 2008). We read every word, phrase, and expression as if it were deliberately chosen, and we presume the words excluded from the statute are done so purposefully. *JNY, L.P. v. Raba-Kistner Consultants, Inc.*, 311 S.W.3d 584, 585-86 (Tex. App.–El Paso 2010, no pet.) (citing *Gables Realty Ltd. P'ship v. Travis Cent. Appraisal Dist.*, 81 S.W.3d 869, 873 (Tex. App.–Austin 2002, pet. denied)).

Chapter 150 of the civil practice and remedies code was originally enacted in 2003. *See* Act of June 11, 2003, 78th Leg., R.S., ch. 204, § 20.01, 2003 TEX. SESS. LAW SERV. 896, 896-97 (amended 2005 and 2009) (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 150.001-.002). As originally enacted, the statute provided that:

> In any action for damages alleging professional negligence by a design professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party registered architect or licensed professional engineer competent to testify and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer or registered architect shall be licensed in this state and actively engaged in the practice of architecture or engineering. . . .

*Id.* "Design professional" was defined as "a registered architect or licensed professional engineer." *Id.*

The Legislature amended the statute twice in 2005. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 TEX. SESS. LAW SERV. 369, 370 (amended 2009) (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 150.001-.002); Act of May 27, 2005, 79th Leg., R.S., ch. 189, 2005 TEX. SESS. LAW SERV. 348, 348 (amended 2009) (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 150.001-.002). The first 2005

4

amendment originated in the Civil Practices Committee of the Texas House of Representatives. *JNY, L.P.*, 311 S.W.3d at 587. This amendment expanded the applicability of the certificate of merit requirement to cover any action for damages alleging professional negligence by "a registered architect, registered professional land surveyor, or licensed professional engineer." Act of May 27, 2005, 79th Leg., R.S., ch. 189, §§ 2, 4, 2005 TEX. SESS. LAW SERV. 348, 348. This amendment was applicable to any action filed on or after May 27, 2005, which is the date the amending law was signed by the governor. *Id.* at § 4.

The second 2005 amendment, which originated in the House Licensing and Administrative Procedures Committee, *JNY, L.P.*, 311 S.W.3d at 587, redefined the applicability of the certificate of merit statute to encompass "any action or arbitration proceeding for damages arising out of the provision of professional services by a design professional." Act of May 27, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 TEX. SESS. LAW SERV. 369, 370. "Design professional" was redefined as:

> a licensed architect, licensed professional engineer, or any firm in which such licensed professional practices, including but not limited to a corporation, professional corporation, limited liability corporation, partnership, sole proprietorship, joint venture, or any other business entity.

*Id.* Crucially, this second amendment applied

> only to a cause of action that accrues on or after [September 1, 2005]. An action that accrued before [September 1, 2005] is governed by the law applicable to the action immediately before [September 1, 2005], and that law is continued in effect for that purpose.

*Id.* at §§ 4-5.[3]

---

[3] The second 2005 amendment also provided that the certificate of merit must be authored by "a third-party licensed architect or licensed professional engineer competent to testify, holding the same professional license as, and practicing in the same area of practice as defendant . . . ." Act of May 27,

5

Appellees contended in their motion for new trial that the statute applicable to their claims does not require a certificate of merit to be filed in a suit against a corporate entity such as Saenz. Appellees note that this issue was recently addressed by the El Paso Court of Appeals in *JNY*, 311 S.W.3d at 585-88. In that case, appellant JNY, L.P. ("JNY") argued, as appellees do here, that the certificate of merit requirement is inapplicable to its suit because: (1) appellee Raba-Kistner Consultants, Inc. ("Raba-Kistner") is a corporate entity; and (2) its claims against Raba-Kistner arose prior to the effective date of the 2005 amendments which expanded the definition of "design professional" to explicitly include such entities. *Id.* at 585. Raba-Kistner did not dispute that the 2003 statute was applicable to the dispute, nor did it argue that the 2005 amendments applied retroactively. Instead, Raba-Kistner contended that the 2005 amendments revealed "the original intent of the authors that the certificate of merit requirement apply to persons and entities alike." *Id.* at 588. The El Paso Court rejected that argument, noting that:

> The bill which emerged from the Civil Practices Committee did not add references to corporate entities. The bill which emerged from the Licensing and Administrative Procedures Committee did. . . . We interpret the amendments to mean that the Legislature did not originally intend to include corporate entities within the definition of design professionals.

*Id.* The court concluded, therefore, that under the original 2003 statute, the certificate of merit requirement did not apply to suits against corporate defendants. *Id.*

---

2005, 79th Leg., R.S., ch. 208, § 2, 2005 TEX. SESS. LAW SERV. 369, 370 (amended 2009) (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 150.001-.002).

The statute was again amended in 2009. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 789, § 2, 2009 TEX. SESS. LAW SERV. 1989, 1989-90 (current version at TEX. CIV. PRAC. & REM. CODE ANN. §§ 150.001-.002). The 2009 amendment, *inter alia*, expanded the applicability of the certificate of merit requirement to cover suits against "registered landscape architect[s]" and clarified the qualifications required of the certificate's author. *Id.* It is undisputed that the 2009 amendment does not apply to appellees' suit.

We agree with our El Paso colleagues as to the effect of the original 2003 statute. However, the issue before us now is not precisely the same as that faced by the *JNY* court. Here, appellees filed their suit against Saenz on April 13, 2006; therefore, the first 2005 amendment to the certificate of merit statute is indeed applicable to appellees' suit. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 189, § 4, 2005 TEX. SESS. LAW SERV. 348, 348 (providing that the amendment is applicable to any action filed on or after May 27, 2005). On the other hand, the second 2005 amendment is not applicable to appellees' suit, because appellees' cause of action indisputably accrued before September 1, 2005. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 208, §§ 4-5, 2005 TEX. SESS. LAW SERV. 369, 370. As the *JNY* court noted, the first 2005 amendment did not explicitly extend the certificate of merit requirement to corporate entities, whereas the second 2005 amendment did. *See JNY*, 311 S.W.3d at 588. Accordingly, under the first 2005 amendment—the only one applicable here—a certificate of merit is not required to be filed in suits against a corporate defendant such as Saenz.

We therefore conclude that the trial court did not err in granting appellees' motion for new trial. Saenz's sole issue is overruled.

### III. CONCLUSION

We affirm the judgment of the trial court.

_____
DORI CONTRERAS GARZA
Justice

Delivered and filed the
13th day of January, 2011.

7