

**NUMBER 13-12-00497-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**SALOME MORENO DEPAULA,**                                    **Appellant,**

**v.**

**STRIPES L.L.C., SUCCESSOR**
**BY MERGER TO SSP PARTNERS,**                              **Appellee.**

---

**On appeal from the 94th District Court**
**of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Longoria**

**Memorandum Opinion by Justice Longoria**

By four issues, which we have re-ordered, appellant, Salome Moreno DePaula, appeals a final summary judgment entered in favor of appellee, Stripes LLC, successor by merger to SSP Partners. We affirm.

# I. BACKGROUND

In December 2009, DePaula filed a legal malpractice suit against attorneys David Burkett, Veronica Garza, and Benito Garza. According to DePaula's malpractice suit, she was "involved in an accident on January 18, 2007" and sustained severe personal injuries. DePaula filed her malpractice suit alleging that her attorneys failed to file her personal injury suit before the applicable two-year statute of limitations had expired. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West Supp. 2011).

In response to the suit, defendants Veronica Garza and Benito Garza filed a motion to designate "SSP Partners, Inc." as a responsible third party. *See id.* § 33.004(a) (West Supp. 2011). On July 1, 2011, the trial court signed an order designating "SSP Partners, Inc." as a responsible third party. DePaula then filed, within 60 days, her second amended original petition naming "SSP Partners, Inc." as a defendant, as provided by former section 33.004(e) of the Texas Civil Practice and Remedies Code.[1] SSP Partners, Inc. filed a verified answer denying liability. Subsequently, on December 9, 2011, DePaula obtained a $1.5 million default judgment against "SSP Partners," a different entity which had not been sued. On January 4, 2012, Stripes, as successor by merger to "SSP Partners" (henceforth "Stripes"), filed a motion to set aside the default judgment and for new trial, which was granted.

Finally, on February 9, 2012, DePaula filed her third amended original petition, naming Stripes as a defendant and asserting claims against Stripes for the personal injuries she sustained on January 18, 2007, when she tripped and fell on a sidewalk

---

[1] *See* Acts 1995, 74th Leg., ch. 136, § 1, *amended by* Acts 2003, 78th Leg., ch. 204, §§ 4.03, 4.04, 4.10(2), *repealed by* Act of May 30, 2011, 82nd Leg., R.S., ch. 203, § 5.02, 2011 Tex. Sess. Law Serv. 203.

owned by Stripes and located at 4433 Baldwin Boulevard in Corpus Christi, Texas.[2]  On

February 14, 2012, Stripes filed its original answer and asserted an affirmative defense

based on the applicable two-year statute of limitations.  *See* TEX. CIV. PRAC. & REM.

CODE ANN. § 16.003(a).  On March 20, 2012, Stripes filed a traditional and no evidence

motion for summary judgment in which it argued the following:

> [T]here is no genuine issue as to any material fact on Stripes' affirmative
> defense of the statute of limitations and Stripes is entitled to summary
> judgment on [DePaula's] claim because its defense of limitations is
> established as a matter of law.  Alternatively, there is no evidence which
> supports [DePaula's] premises liability claim and gross negligence claim
> and summary judgment is proper on the issue of liability as to Defendant
> Stripes arising from [DePaula's] claims alleged herein; as such, [DePaula]
> should take nothing from Stripes by reason of this action as a matter of
> law.

On July 19, 2012, the trial court entered an order granting Stripes' traditional and

no evidence motion for summary judgment.  The trial court did not state the basis for its

ruling.  This appeal ensued.

## II. SUMMARY JUDGMENT

In her first issue, DePaula argues that the trial court erred in granting a traditional

summary judgment because Stripes "failed to carry its summary judgment burden to

negate the doctrine of misnomer."

### A. Summary Judgment Proceedings

As set forth above, Stripes sought a traditional summary judgment based on the

applicable statute of limitations.  *See id.*  In its motion, Stripes argued that DePaula's

claims accrued on January 18, 2007, when she sustained personal injuries in a trip-and-

---

[2]  Stripes was the only defendant named in DePaula's third amended original petition.  Therefore, the claims pending against all other defendants were effectively nonsuited.  *See FKM P'ship v. Bd. of Regents of the Univ. of Houston Sys.*, 255 S.W.3d 619, 632 (Tex. 2008) ("In civil causes generally, filing an amended petition that does not include a cause of action effectively nonsuits or voluntarily dismisses the omitted claims as of the time the pleading is filed. No hearing is necessary to effect the nonsuit.").

fall accident, as alleged in her third amended original petition. Stripes further argued that DePaula's claims were barred by the statute of limitations because she did not file suit against Stripes until February 9, 2012, well after the two-year limitations period had expired on January 18, 2009. *See id.*

In her response to Stripes' motion for summary judgment, DePaula argued that her claims against Stripes were not time-barred because the trial court had designated "SSP Partners, Inc." as a responsible third party on July 1, 2011, and she had timely filed her second amended original petition naming "SSP Partners, Inc." as a defendant on July 11, 2011, within 60 days of the trial court's order, as provided by former section 33.004(e). *See id.* § 33.004(e).

In its reply, Stripes argued that "[t]he summary judgment evidence conclusively established SSP Partners, Inc., not Stripes, was designated as a responsible third party; accordingly, [DePaula] had no basis upon which to circumvent the statute of limitations defense of Stripes." Stripes further argued, "It would clearly be an absurd result if [DePaula] was allowed to bypass Stripes' statute of limitations defense by implementing § 33.004(e)'s joinder provision when Stripes was never designated as a responsible third party in this case and the order authorizing the responsible third party claim never applied to Stripes."

## B. Standard of Review

We review summary judgments de novo. *Alejandro v. Bell*, 84 S.W.3d 383, 390 (Tex. App.—Corpus Christi 2002, no pet.). In a traditional motion for summary judgment, the movant has the burden of showing both that there is no genuine issue of material fact and entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c);

4

*see also Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972); *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 772 (Tex. App.—Corpus Christi 2003, no pet.). In deciding whether there is a genuine issue of material fact, evidence favorable to the nonmovant is taken as true, and all reasonable inferences are made, and all doubts are resolved, in favor of the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997). Summary judgment is proper if the movant disproves at least one element of each of the plaintiff's claims or affirmatively establishes each element of an affirmative defense to each claim. *Id.*

## C. Applicable Law

Under section 33.004(a), "[a] defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party." TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a). Former section 33.004(e) of the Texas Civil Practice and Remedies Code provides as follows:

> If a person is designated under this section as a responsible third party, a claimant is not barred by limitations from seeking to join that person, even though such joinder would otherwise be barred by limitations, if the claimant seeks to join that person not later than 60 days after that person is designated as a responsible third party.

*Id.* § 33.004(e).

## D. Discussion

DePaula argues that summary judgment was improper because section 33.004(e) allows her to assert claims against Stripes that would otherwise be barred by limitations. *See id.* We disagree. Stripes was never designated as a responsible third party. *See id.* Therefore, the savings clause in section 33.004(e) does not apply and

5

DePaula is not authorized to assert claims against Stripes that would otherwise be barred by limitations. *See id.*

Despite this, DePaula argues that, pursuant to the doctrine of misnomer, she is authorized to assert claims against Stripes that would otherwise be barred by limitations because the defendants designated SSP Partners, Inc. when they should have designated SSP Partners (referred to herein as "Stripes"). *See In re Greater Houston Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 326 (Tex. 2009) ("Typically, misnomer cases involve a plaintiff who has misnamed the defendant, and a petition involving this type of misnomer is nonetheless effective, for limitations purposes, when filed, with any subsequent amendment relating back to the date of the original filing."). Again, we disagree. First, there is no precedent for applying the doctrine of misnomer to section 33.004. *See id.* § 33.004. Second, even if the doctrine were applicable, it would not give DePaula the authority to designate a responsible third party under section 33.004(a). *See id.* § 33.004(a). If the wrong party is designated by a defendant, any party can file a motion to strike the designation. *See id.* § 33.004(j). However, the statute does not authorize a claimant, such as DePaula, to designate a different responsible third party. *See id.* § 33.004(a).

Only a defendant is authorized to designate a responsible third party. *See id.* The defendants in this case did not designate Stripes. Nor did they seek to designate Stripes after it became clear that SSP Partners, Inc. is a completely different entity that had nothing to do with the events giving rise to this suit. However, even under these circumstances, the statute simply does not authorize DePaula, as a non-defendant, to request that Stripes be designated as a responsible third party. *See id.* Although

6

DePaula was authorized to file a motion to strike, she could not compel the defendants to designate Stripes or do so herself. *See id*. § 33.004(j).

In sum, section 33.004(e) does not apply because Stripes was never designated as a responsible third party. *See id*. § 33.004(e); *Jay Miller & Sundown, Inc. v. Camp Dresser & McKee, Inc.*, 381 S.W.3d 635, 641 (Tex. App.—San Antonio 2012, no pet.) ("Section 33.004(e) provides that limitations does not bar the joinder if (1) the person was designated under section 33.004 as a responsible third party and (2) joinder was sought within sixty days of the designation."). If the defendants had intended to designate Stripes but mistakenly designated SPP Partners, Inc., as DePaula contends, they had until on or before the 60th day before the trial date to file a motion to designate Stripes, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 33.004(a); however, they did not do so. Nor did DePaula file a motion to strike the designation of SSP Partners, Inc., as she was authorized to do. *See id*. § 33.004(j). Although DePaula named Stripes as a defendant in her third amended original petition, she did so without the benefit of section 33.004(e). *See id*. § 33.004(e). Accordingly, because section 33.004(e) is inapplicable and because there is no dispute that DePaula's claims are otherwise barred by the statute of limitations, the trial court did not err in granting Stripe's motion for summary judgment based on the statute of limitations. *See* TEX. R. CIV. P. 166a(c). Therefore, DePaul's first issue is overruled.[3]

### III. DEFAULT JUDGMENT

In her fourth issue, DePaula contends that the trial court erred in granting a new trial after a default judgment was entered against Stripes. "Except in very limited

---

[3] Furthermore, because we have already upheld the summary judgment based on limitations, it is unnecessary to address DePaula's second and third issues challenging the other grounds for summary judgment. *See* TEX. R. APP. P. 47.1.

circumstances, an order granting a motion for new trial rendered within the period of the trial court's plenary power is not reviewable on appeal." *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 563 (Tex. 2005). The only exceptions are "when the trial court's order was void and when the trial court erroneously concluded that the jury's answers to special issues were irreconcilably in conflict." *In re Columbia Med. Ctr. of Las Colinas*, 290 S.W.3d 204, 209 (Tex. 2009). The parties do not contend that either of those circumstances exists. As a result, we conclude that the trial court's order granting Stripes's motion for new trial is not reviewable on appeal. *See id*. Accordingly, DePaula's fourth issue is overruled.

## IV. CONCLUSION

The trial court's summary judgment is affirmed.

 

_____
NORA L. LONGORIA
Justice

Delivered and filed the
19th day of September, 2013.