**Memorandum Opinion issued June 8, 2023**



In The

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-22-00152-CV**

————————————

**IN RE HIDDEN LAKES DEVELOPMENT PARTNERS, LP, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator Hidden Lakes Development Partners, LP (HLDP) filed this original proceeding to challenge the trial court's denial of HLDP's amended motion for leave to designate responsible third parties. HLDP seeks a writ of mandamus to (1) vacate the trial court's August 12, 2021 order denying HLDP's motion for leave to designate responsible third parties, and (2) grant HLDP's amended motion for leave to designate responsible third parties. We conditionally grant the petition.

## Background

This case arises from a wrongful death case filed by real parties in interest Andre DeRouen, Individually and as Administrator of the Estate of Andre DeRouen, Jr., and LaTashia DeRouen, Individually and as Next Friend to D.D., a minor child. On March 23, 2018, Andre DeRouen, Jr. jumped into a pond behind his home in the Hidden Lakes subdivision to assist his brother who had jumped into the pond first and appeared to be struggling. His brother survived, but Andre drowned.

Real parties originally filed suit in Galveston County on May 3, 2018, but almost a year later, they filed a notice of nonsuit without prejudice. On the same day, real parties refiled suit in Harris County against defendants HLDP, Hidden Lakes Community Association, Inc., Williams ACMI Ventures, LP (d/b/a "ACMI"), Gehan Homes, Ltd., Lake Pro, Inc., and Aqua Control, Inc.

On August 3, 2020, HLDP filed a motion for leave to designate responsible third parties. In this motion, HLDP explained that it was the developer of part of the Hidden Lakes subdivision and that Galveston County Municipal District No. 45 ("Mud 45") was the current owner of the property. HLDP stated that the transition in ownership to Mud 45 began before the drowning occurred. HLDP also stated that Dannenbaum Engineering Corporation, Lindsey Construction, Inc., and R. Construction, Inc., designed and constructed the pond. Thus, to the extent real parties asserted design or construction defects, HLDP argued that Dannenbaum,

Lindsey, and R. Construction had duties to design and construct the pond with reasonable care. Accordingly, HLDP asked that the court permit HLDP to designate Mud 45, Dannenbaum, Lindsey, and R. Construction as responsible third parties.

On August 18, 2020, real parties filed their objections to the motion for leave, claiming the motion for leave was untimely because more than two years had passed since the incident and, absent application of the discovery rule, limitations had expired against the requested designees. Real parties also argued that HLDP had a duty under Rule 194.2 to disclose the third parties and failed to do so within two years of the date of the incident. Finally, real parties argued that HLDP failed to plead sufficient facts about the alleged responsibility of the third parties to satisfy the pleading requirement of the Texas Rules of Civil Procedure.

Relator states that it never set this motion for submission or hearing. Although the mandamus record contains no ruling on this original motion to designate, real parties state that the trial court denied the original motion.

On June 8, 2021, the trial court signed an order resetting trial for the two-week period beginning on January 17, 2022. On July 9, 2021, HLDP filed an amended motion for leave to designate responsible third parties. HLDP observed that because trial was set for September 20, 2021 the amended motion for leave was filed more than 60 days before trial and was timely under Section 33.004(a). HLDP explained that Dannenbaum designed the pond and had a duty to act as a reasonable design

3

company, and to the extent the pond had an underwater drop-off, unsafe currents, or lack of signage, Dannenbaum was responsible. HLDP also explained that Lindsey Construction and R. Construction had a duty to construct the pond using reasonable care and had a responsibility to appropriately grade the pond, ensure safe and appropriate water movement, and install appropriate safety and warning signs. HLDP alleged that Mud 45 was an owner of the pond and was a responsible third party, together with Dannenbaum, Lindsey, and R. Construction because they contributed to or caused the harm for which damages were sought by real parties. HLDP did not respond to real parties' previous objection concerning limitations.

The trial court signed an order on August 12, 2021, entitled "Order on Defendant Hidden Lakes Development Partners, LP's Amended Motion for Leave to Designate Responsible Third Parties," denying HLDP's motion for leave to designate responsible third parties. The order did not give a reason for denial.

HLDP filed a motion for rehearing of this ruling. During the hearing on this motion, real parties stated on the record that issues as to timeliness of the motion to designate had been rectified, and therefore, only argued that the motion for leave failed to provide sufficient specificity as to the actions of each alleged responsible third party and how those actions caused the tragedy at issue. HLDP responded that

the original motion for leave had been denied[1] based on a timeliness problem that had been rectified and that the amended motion for leave contained adequate specificity concerning the actions of the alleged responsible third parties and how those actions related to causation. The trial court asked if that specificity was in the original motion for leave, and HLDP stated that the original motion was more general, but that the amended motion contained adequate specificity. The trial court declined to change its ruling.

HLDP then filed this petition for writ of mandamus. While this mandamus was pending, the parties requested abatement so that they could attempt to reach a settlement of their differences. We granted the request and abated this proceeding by order signed on April 5, 2022. On May 4, 2022, real parties in interest filed an unopposed motion for leave to lift the abatement because, although the parties reached a proposed agreed order, the trial court rejected that order and signed an order on April 26, 2022, stating that it "upholds its Order of 1/13/22."

**Standard of Review**

To be entitled to mandamus relief, a petitioner must show both that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re*

---

[1] The parties seem to agree that the original motion for leave to designate responsible third parties was denied at some point, but no one states whether this order was oral or written. If there was a written order denying HLDP's original motion for leave, it has not been included in the mandamus record.

*Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004). "[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion and may result in appellate reversal by extraordinary writ." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

**Overview of Texas Proportionate Responsibility Statute**

Chapter 33 of the Texas Civil Practice and Remedies Code sets out the Texas proportionate responsibility laws, which permit "a tort defendant to designate as a responsible third party a person who 'is alleged to have caused in any way the harm for which the plaintiff seeks damages.'" *In re CVR Energy, Inc.*, 500 S.W.3d 67, 73 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (quoting *Jay Miller & Sundown, Inc. v. Camp Dresser & McKee Inc.,* 381 S.W.3d 635, 638–39 (Tex. App.—San Antonio 2012, no pet.) (referring to predecessor to Section 33.004)). This statutory scheme allows defendants to introduce evidence regarding a responsible third party's fault and have the jury apportion responsibility to the third party even when that party has not been joined as a party to the suit. *See In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018); *see also* TEX. CIV. PRAC. & REM. CODE § 33.004(a).

There are statutory limitations to a defendant's ability to designate responsible third parties, including that a motion for leave must be filed on or before the 60th day before trial unless good cause is shown. TEX. CIV. PRAC. & REM.

6

CODE § 33.004(a). Defendants also may not designate responsible third parties "after the applicable limitations period on the cause of action has expired with respect to the responsible third party" if the defendant has failed to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004(d).

Once a motion for leave has been filed, the trial court shall grant leave "unless another party files an objection on or before the 15th day after the date the motion is served." TEX. CIV. PRAC. & REM. CODE § 33.004(f). Even if there is an objection, the trial court shall grant leave unless the objecting party establishes that the defendant "did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure . . . ." TEX. CIV. PRAC. & REM. CODE § 33.004(g).

### 1. Timeliness of disclosure

In their objection to HLDP's motion for leave, real parties claimed the motion was untimely because more than two years had passed since the date of the incident and, absent application of the discovery rule, limitations had expired. HLDP asserts that its motion was timely because it had originally disclosed these alleged responsible third parties within the two-year limitations period. HLDP asserted both in its motion for rehearing and in the hearing on the motion for rehearing that it had made disclosure of the responsible third parties before limitations expired.

7

Section 33.004 restricts a defendant's ability to designate responsible third parties by precluding the filing of a motion for leave after the applicable limitations period has run "if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE § 33.004(d). This reference to the Rules of Civil Procedure has been held to refer to the duty to disclose in response to requests from the plaintiff. *See Dawson*, 550 S.W.3d at 629 (discussing defendant's responses to discovery requests for disclosure of responsible third parties under Texas Rule of Civil Procedure 194.2); *CVR*, 500 S.W.3d at 74 (discussing duty of disclosure under Rule 194.2 in relation to designation of responsible third parties).

The statute of limitations for a wrongful death action is generally two years. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(b); *Ruiz v. Guerra*, 293 S.W.3d 706, 716 (Tex. App.—San Antonio 2009, no pet.). The date of the drowning was March 23, 2018. Two years from the date of the incident would be March 23, 2020, and thus, limitations expired before HLDP filed its amended motion for leave.

But HLDP asserts that it complied with the requirement to disclose the potential responsible third parties as provided under the Rules of Civil Procedure. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(d). If a plaintiff has served requests for disclosure of responsible third parties who may be designated, the courts look to

8

see if the defendant adequately responded to those requests such that the failure to designate the third party after limitations has run is excused under Section 33.004(d).

In *In re Dawson*, the Texas Supreme Court considered whether a defendant responded to the plaintiff's request for disclosure in a way that gave adequate notice to the plaintiff. 550 S.W.3d at 629. The Court stated that Rule 194.2(l) requires disclosure of the "name, address, and telephone number of any person who may be designated as a responsible third party." *Id.* (citing to TEX. R. CIV. P. 194.2(l)). Because the defendant in *Dawson* stated in its discovery response only the name of an alleged responsible third party who installed a television and did not disclose that this third party was an independent contractor and not its agent or employee, the Court held that this response was insufficient to satisfy its obligation to give the plaintiff timely notice under the Texas Rules of Civil Procedure. *See id.* at 629–30.

Unlike the defendant in *Dawson*, HLDP did sufficiently disclose the potential responsible third parties. HLDP responded to real parties' requests for disclosure on January 22, 2019, while the lawsuit was pending in Galveston County, naming Mud 45, Dannenbaum, Lindsey, and R. Construction as potential responsible third parties.

Real parties do not dispute that HLDP previously disclosed the responsible third parties to them but argue that this disclosure may not be considered because the current Harris County lawsuit included different defendants than the Galveston County case. The parties to this mandamus, however, were parties to both the

9

Galveston County suit and the Harris County suit and, regardless of what other defendants real parties chose to add or drop, HLDP was a party to both suits and real parties admit that HLDP disclosed these responsible third parties to real parties within a year of the drowning incident.

Moreover, real parties admitted on the record that there was no issue concerning timeliness. When HLDP stated that the responsible third parties were disclosed in the prior Galveston County case and that the parties had "agreed to continue using that discovery," real parties' counsel agreed and stated on the record:

> [Counsel for Real Parties:] I agree with Counsel with respect to the timeliness. I think that issue has been rectified at this juncture. But our other objection was that the Motion For Leave fails to provide specificity as required as to what each of these responsible third parties or alleged responsible third parties did wrong and how that was causative to this unfortunate tragedy.

These statements by real parties on the record contradict real parties' timeliness argument and support HLDP's argument that it complied with its obligation to timely disclose potential responsible third parties in response to a discovery request from real parties. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(d). Real parties' counsel admitted on the record that the timeliness argument was no longer an issue.

Because counsel for real parties admitted on the record in the trial court that the timeliness argument was a non-issue, HLDP contends that real parties have waived this argument. HLDP cites to *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619

10

S.W.3d 699 (Tex. 2021) in support of its waiver argument. In *Eagle*, the Texas Supreme Court stated that "[w]aiver occurs when a party intentionally relinquishes a known right or engages in conduct inconsistent with claiming that right." *Id.* at 709. Although waiver is generally a fact question, it becomes a question of law "when the facts and circumstances are admitted or clearly established . . . ." *CrossTex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 394 (Tex. 2014). By unequivocally stating on the record to the trial court that timeliness of disclosure of the responsible third parties was not an issue, we find that real parties waived this argument as a matter of law. To the extent that the trial court denied HLDP's amended motion based on the untimeliness of the motion, the trial court abused its discretion.

### 2. Sufficiency of facts concerning responsibility of third parties

HLDP asserts that it pleaded sufficient facts concerning the responsibility of Mud 45, Dannenbaum, Lindsey, and R. Construction. After HLDP filed its original motion for leave to designate responsible third parties, real parties objected on the ground that HLDP failed to plead sufficient facts about the alleged responsibility of the various third parties raised in the motion for leave, and according to the parties, the trial court denied the original motion at some point. HLDP then filed an amended motion for leave adding facts concerning the third parties' responsibilities.

11

A plaintiff may object to a motion for leave to designate responsible third parties on the ground that the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement under the Texas Rules of Civil Procedure. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(g)(1). The Rule of Civil Procedure implicated in Section 33.004(g) is Rule 47, the "notice" pleading rule. *See CVR*, 500 S.W.3d at 80 (citing to *In re Greyhound Lines,* No. 05-13-01646-CV, 2014 WL 1022329, at *2 (Tex. App.—Dallas Feb. 21, 2014, orig. proceeding) (mem. op.) ("The standard for designating a potentially responsible third party is notice pleading under the Texas Rules of Civil Procedure.")). "Under the notice-pleading standard, fair notice is achieved 'if the opposing party can ascertain from the pleading the nature and basic issues of the controversy, and what type of evidence might be relevant.'" *CVR*, 500 S.W.3d at 80. In *CVR*, this Court determined that relator met the low threshold by quoting plaintiff's allegations and how the responsible third party was responsible for actions that proximately caused the plaintiff's death. *See id.* At this stage of the case, "a court may not consider the strength or the truth of the allegations" made in the motion for leave. *In re Cordish Co.*, 617 S.W.3d 909, 915 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding).

In its amended motion for leave, HLDP stated that real parties alleged claims of negligence, gross negligence, and premises liability related to the detention pond

12

and alleged that the detention pond constituted a dangerous condition. In relation to those claims, HLDP set out specific actions of the alleged responsible third parties, and how their actions related to the claims alleged by real parties. Concerning real parties' allegation of a defect in the detention pond, HLDP asserted that Dannenbaum as designer of the pond had a duty to act as a reasonable designer, and would be responsible for certain acts alleged by real parties including excessive drop off, unsafe currents, and failure to provide adequate signage. HLDP added that Dannenbaum was responsible for appropriate grading of the pond "to ensure safe and appropriate water movement," and to "install appropriate safety and warning signs."

As for Mud 45, HLDP asserted that this entity took over ownership of the property and this transition of ownership had begun when the incident occurred. HLDP asserted that Mud 45, as owner of the property, had constructive control of the property at the time of the incident with pool maintenance and inspection obligations. As for Lindsey and R. Construction, who were involved with construction of the pond, HLDP asserted that they had a duty to construct the pond using reasonable care, including the responsibility to appropriately grade the pond, ensure safe and appropriate water movement, and to install appropriate safety and warning signs.

13

These allegations described the acts and duties of the third parties with respect to the construction and maintenance of the pond and gave fair notice to real parties under Rule 47 and thus, were sufficiently specific under Section 33.004(g). To the extent the trial court denied HLDP's amended motion for leave on the ground that it failed to plead sufficient facts concerning the alleged responsibility of the responsible third parties to satisfy the pleading requirement under Rule 47, the trial court abused its discretion because HLDP's allegations of the third parties' responsibility met the notice pleading requirement of showing their duties of care with respect to the construction and maintenance of the pond and how those duties related to the allegations raised in real parties' pleading.

### 3. Necessity for Second Objection

Although real parties objected to HLDP's original motion for leave, they did not object to the amended motion for leave. HLDP contends that this required the trial court to grant the amended motion. The statute provides that if no objection is filed on or before the fifteenth day after service of the motion, the trial court shall grant the request for leave to designate. *See* TEX. CIV. PRAC. & REM. CODE § 33.004(f); *In re NCS Multistage, LLC*, 650 S.W.3d 182, 189 (Tex. App.—El Paso 2021, orig. proceeding). The statute provides for the filing of an objection to a motion for leave, but there is no mention of objecting to an amended motion for leave.

14

Although HLDP's issue raises a question of statutory interpretation, we need not reach this issue because we have already held that HLDP pleaded sufficient facts regarding the alleged responsibility of the responsible third parties. Accordingly, we decline to address whether the trial court abused its discretion by denying the motion for leave absent an objection to the amended motion. *See Garrett v. Williams*, 250 S.W.3d 154, 160 n.4 (Tex. App.—Fort Worth 2008, no pet.) (having determined trial court appropriately dismissed petition, appellate court held that it need not address additional issue challenging propriety of dismissal on other grounds).

## No Adequate Remedy by Appeal Exists

Although HLDP has established an abuse of discretion by the trial court, it must also establish that it lacks an adequate remedy by appeal. *See Prudential*, 148 S.W.3d at 135. The Texas Supreme Court has held that mandamus relief is available to correct a trial court's erroneous denial of a party's timely motion for leave to designate responsible third parties. *See In re Coppola*, 535 S.W.3d 506, 509–10 (Tex. 2017). And an adequate remedy by appeal is generally lacking when the trial court incorrectly denies a motion for leave to designate responsible third parties because permitting trial to proceed without responsible third parties "would skew the proceedings, potentially affect the outcome of the litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate

record." *Id.* at 509 (quoting *CVR*, 500 S.W.3d at 81–82). The trial court's denial of HLDP's motion for leave to designate responsible third parties is not a mere incidental ruling but would deny HLDP the right to allow the jury to determine the proportionate responsibility of all responsible parties, which is a significant ruling and "mandamus review will prevent the impairment or loss of this substantive right." *See CVR*, 500 S.W.3d at 83–84. Accordingly, HLDP lacks an adequate remedy by appeal from the erroneous denial of its motion for leave to designate responsible third parties.

## Conclusion

Because the trial court abused its discretion in denying HLDP's amended motion for leave to designate responsible third parties, we grant mandamus relief and order the trial court to (1) vacate its August 12, 2021 order denying HLDP's motion for leave, and (2) grant HLDP's amended motion for leave. We are confident the trial court will comply with this order and the writ will issue only if the trial court fails to do so.


Peter Kelly
Justice

Panel consists of Justices Kelly, Countiss, and Rivas-Molloy.

16